WILLIAMSBURGH POWER PLANT CORPORATION, Respondent, *v.* THE CITY OF NEW YORK and FRANK J. TAYLOR, Comptroller of the City of New York, Appellants.

Second Department, October 21, 1938.

*Sol Charles Levine* [*William C. Chanler, Corporation Counsel, Arthur A. Segall* and *Meyer Bernstein* with him on the brief], for the appellants.

*Harold L. Warner,* for the respondent.

CARSWELL, J. Plaintiff paid to the city of New York, under protest, certain taxes imposed by Local Law No. 25 of 1934. It then began this action to recover these moneys on the theory that the statute exacting these taxes is invalid. The defendants moved to dismiss the complaint as insufficient in law. The Special Term sustained the complaint and in effect held that the statute is invalid. If the statute is valid the complaint should have been dismissed.

The Legislature enacted chapter 873 of the Laws of 1934 to enable the financing in part of the local contributions to the relief of the unemployed. To finance relief payments, that statute, *inter alia,* authorized the city of New York to impose certain taxes within its own territorial limits, in addition to any and all other taxes. The statute, after making this grant of power, contained this provision:

" This act shall not authorize the imposition of *a tax on any transaction* originating and/or consummated outside of the territorial limits of any such city, notwithstanding that some act be necessarily performed with respect to such transaction within such limits.

" *This act shall not authorize the imposition of a tax* on a non-resident of such city or *on account of any transaction* by or with a non-resident of such city, *except when imposed without discrimination* as between residents and non-residents, *on account of tangible property actually located* or income earned, or trades, businesses or professions carried on *within* such city, or on account of transfers, retail sales or other transactions actually made or consummated within such city by a non-resident while within such city. A corporation shall not be deemed a non-resident by reason of the fact its principal place of business is not within the city."

The local Legislature, pursuant to this grant of power, enacted Local Law No. 25 of 1934, which in turn was amended by Local Law No. 13 of 1935. The statute is comprehensive and carefully drawn. It provides that certain articles of personal property " situated or owned within the City of New York," which it enumerates in groups shall be subject to a tax of two per cent upon value. It provides for five exemptions from the scope of the statute.

The property of plaintiff upon which the city imposed and collected taxes does not come within any of these exceptions. The

property here taxed came into possession of plaintiff as a result of purchases without the State or without the city and it is not alleged that any sales tax was paid thereon anywhere. It became located subsequently as personal property within the city of New York after January 1, 1935.

The statute provides a method of arriving at the valuation of such property. It prescribes that the actual price shall be deemed the valuation and, if that information be not available, it authorizes the comptroller to arrive at a valuation pursuant to a manner to be determined by that official. The rest of the machinery set up in the statute is not of present importance. The statute further requires that it shall be construed in conformity with the enabling statute (Laws of 1934, chap. 873). This Local Law No. 25 of 1934 is a complement to Local Law No. 21 of 1934, which imposed a two per cent sales tax. The two statutes are part of a general tax plan.

Plaintiff says that Local Law No. 25 is invalid because the enabling act herein quoted expressly provides that the act shall not authorize the imposition of a tax " on any transaction " originating outside the city. It resorts to various characterizations of the kind of tax imposed by Local Law No. 25. The precise name to be attached thereto is not vital. Only its true nature is material and the label is not conclusive. It is sufficient to note that the tax is an indirect tax, and to that extent it is an excise tax — a tax upon the consumption of or the opportunity to use property, rather than upon the property itself. A tax which is identical has been called a " use " tax.

The language which, plaintiff says, bars the enactment of Local Law No. 25 reads: " This act shall not authorize the imposition of a tax *on any transaction* originating and /or consummated outside of the territorial limits of any such city, notwithstanding that some act be necessarily performed with respect to such transaction within such limits."

If the tax imposed is deemed to be upon a " transaction " originating outside the city, the statute attacked may not be sustained. But plaintiff's argument ignores the sentence which follows the one just quoted. The sentence thus conjoined, so far as pertinent, reads: " This act shall not authorize the imposition of a tax on a non-resident of such city or on account of any transaction by or with a non-resident of such city, *except when imposed without discrimination as between residents and non-residents, on account of tangible property actually located * * * within such city*."

It is true that tax laws are to be strictly construed, but strict construction does not permit the ignoring of explicit language. The last quoted sentence should be construed as its plain import requires — that the prohibition against the imposition of a tax upon any transaction outside the city does not preclude the levying of a tax " on account of tangible property actually located * * * within such city," because it is subject to a clear limitation. In other words, while the city may not impose a tax upon a transaction without its confines which concerns the sale of goods, the language in the last quoted sentence, by the exception contained therein, authorizes the levy of a tax " on account of tangible property actually located * * * within such city;" that is, it authorizes a " use " tax. It is well recognized that the taxing power may be exercised upon one or all the attributes of the ownership of property; that is, a tax may be levied on one attribute which relates to a transaction involving a purchase or sale, and in another instance a tax may be levied on the attribute of ownership which concerns the use of property as distinguished from the transaction which involves the acquisition of the property that enables the use. (*Henneford v. Silas Mason Co.*, 300 U. S. 577.) In the cited case statutory provisions substantially identical with those here involved were passed upon. The statute characterized a similar excise tax as a " compensating tax " but the court called it a " use " tax. There, as here, the use or compensating tax was a complement to another or sales tax in like amount, levied upon purchases of property within the State of Washington, while the compensating tax was laid upon property which became located in the State of Washington, and, therefore, usable in that State as the result of a transaction or purchase without the State. The language of CARDOZO, J., is as pertinent to the tax here involved as to the one there under consideration. It was held that the so-called compensating tax was a use tax validly levied upon property which came to " rest " within the State after the purchase transaction had been concluded elsewhere. This was because the property thus became part of the mass of property within the State and, therefore, subject to a tax upon its use. The claim that the tax was a mere subterfuge or pretense and was in fact and reality a tax upon the property purchased or the transaction had without the State, was rejected. This was on the theory that the separating, for taxing purposes, of the transaction of purchase from the act of locating the property within the State was within legislative competence; that the field of choice of the Legislature was so broad that a tax might be laid on any one or a few of the attributes of ownership. It was further held that the choice was for the Legislature and that the motives

leading to the adoption of the tax were not a concern of the court, especially where the tax, apart from motives, would be otherwise lawful.

The tax attacked, therefore, is a tax on " use " and not a tax upon the " transaction " or purchase, and the levying of such a tax by the city is authorized and not prohibited by the enabling act.

Plaintiff concedes that if the tax attacked is " on personal property after it has come to rest in the State of New York " it does not violate the interstate commerce clause of the Federal Constitution. The *Henneford* case (*supra*) requires such a concession.

Plaintiff urges that assuming the enabling act authorized the enactment of Local No. 25, nevertheless the local law may not be given effect because of section 3 of the Tax Law. That section, contained in an article headed " Taxable Property and Place of Taxation," reads: " All real property within this State is taxable unless exempt from taxation by law. *Notwithstanding any provision of this chapter, or of any other general, special or local law to the contrary, personal property, whether tangible or intangible, shall not be liable to taxation locally for State or local purposes.*"

The italicized portion of the foregoing repealed the former personal property tax laws. Section 3 is a general statute and in its present form was in force at the time of the enactment of the enabling act (Laws of 1934, chap. 873). The enabling act is a special statute enacted to provide means of raising moneys to meet an extraordinary and theretofore unprecedented need — to finance relief payments to alleviate conditions growing out of unemployment. The Legislature by that special statute has seen fit to authorize the levy of a tax upon " tangible property actually located " in the city of New York. We have, therefore, a conflict, in so far as a tax upon " use " is a tax upon " personal property," between the general provision in section 3 of the Tax Law and the specific grant of power in the later enabling act. The rule is well settled that where two statutes cannot otherwise be reconciled, the prior general statute yields to the later specific or special statute. It will be presumed that during the period of emergency the Legislature intended to permit the city of New York to levy a tax to the extent indicated on personal property located within the city, notwithstanding the general provisions of section 3 of the Tax Law, which, by its terms, was concerned with special or local laws enacted prior to its passage.

This view does not violate the doctrine that repeals by implication are not favored. The two statutes are to be interpreted in the light of the setting of economic and social conditions prevailing at the time of their several enactments to the end that

legislative intention may be effectuated and the later specific language of the Legislature given full force to meet the conditions to which that later broad and unprecedented language was directed. (*New York Steam Corp.* v. *City of New York,* 268 N. Y. 137, 144.)

Moreover, the Legislature has acquiesced in the view that the city has such power. After the city assumed to exercise the power granted and to tax certain classes of property which the Legislature did not wish to remain within that grant of power, the enabling act was amended so as to withdraw certain fields of taxation (Laws of 1936, chap. 414, § 1 [Transfer of Estates]; Laws of 1937, chap. 327, § 1 [Utilities]); but the field here involved has not been withdrawn. It follows that the enabling act authorized the enactment of Local Law No. 25 of 1934 despite the provisions of section 3 of the Tax Law and that it takes precedence over that statute.

Plaintiff urges that Local Law No. 25 violates the 14th Amendment of the United States Constitution. The statute in express terms provides that valuation is the basis of taxation and further prescribes the method by which that valuation may be determined. The method is similar to but less drastic than that contained in the statute of the State of Washington, sustained in *Henneford* v. *Silas Mason Co. (supra)*. Plaintiff further says Local Law No. 25 violates the equal protection of the laws clause of the Federal Constitution. It is said that because the tax is upon the use of property purchased after January 1, 1935, and is not levied upon the use of property purchased prior to that date, it is, therefore, unlawfully discriminatory. That question was also involved in the statute of the State of Washington. The sustaining of that statute leaves the question no longer open and earlier dicta to the contrary may not be followed. The Legislature is possessed of broad power to indulge in a classification of personal property as the subject of taxation and, in classifying, may fix upon dates of acquisition or the opportunity for use in a manner that will give effect to its views on the effect of obsolescence of property or the like in respect of the taxation of the element of use.

Accordingly, we conclude that the statute attacked is valid in every respect and, therefore, the cause of action in the complaint, predicated upon its invalidity, must fall.

The complaint being insufficient, the order denying the motion to dismiss it should be reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

LAZANSKY, P. J., HAGARTY, DAVIS and ADEL, JJ., concur.

Order denying motion to dismiss complaint reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.