Arthur Markewich, J.
Plaintiff moves for judgment pursuant to rules 112 and 113, declaring that chapter 369 of the Laws of 1959 and Local Law No. 47 of 1959 of the City of New York are unconstitutional, and permanently restraining the defendants from imposing and collecting the taxicab tax. Defendants move under rule 113 to dismiss the complaint, which motion is consolidated herewith for disposition.
Plaintiff argues that the tax, imposed as an excise levy on the hirers of taxicabs, is thereby levied on intangible personal property of the hirer in violation of section 3 of article XVI of the New York State Constitution, by interfering with the cab hirer’s freedom in the use of Ms intangible property right. The section provides in part: ‘‘ Intangible personal property shall not be taxed ad valorem nor shall any excise tax be levied solely because of the ownership or possession thereof, except that the income therefrom may lie taken into consideration in computing any excise tax measured by income generally.” Chapter 369 of the Laws of 1959 (§ 5, amdg. L. 1934, ch. 873, as amd., § 1, subd. [1], par. [e], cl. [vij) provides: “ A tax at a rate of not to exceed ten cents each trip, each fare charged or each use of a taxicab, on the use or hire of taxicabs which shall be imposed on the person who uses or Mres the taxicab and shall be paid by such person to the owner, operator or driver of the taxicab
The taxicab industry is vested with a public interest and is subject to regulation (Administrative Code of City of New York, § 436-2.0, subd. a, par. 1). Any orderly person may not be refused conveyance at Ms request unless the taxicab is previously engaged (Administrative Code, § 436-2.0, subd. b, par. 24, cl. [b]). Thus it is argued that the passenger has a contract of value and intangible personal property involving the passenger’s personal rights and his relationsMp with the operator. Thus, plaintiff continues, a tax upon the passenger is a tax upon intangible personal property and tantamount to a tax upon the person by whom the tax is paid, resulting from his ownersMp of intangible property. Consequently, the tax violates the constitutional purpose to do away with ad valorem taxation of intangible personal property or any excise tax levied solely because of ownersMp or possession of such property. Thus, argues plaintiff, a tax upon intangible personal property has been held to be identical with a use tax (Williamsburgh Power Plant Corp. v. City of New York, 255 App. Div. 214, affd. 280 N. Y. 551). The hire of the taxicab, plaintiff says, is not the use of a service despite the fact that by the enabling act the tax was classified among those taxes imposed on the sale, performance or use of a service. It is rather a contract and by section *720 39 of 'the General Construction Law personal property is defined, amlong other things, as everything except real property which may be the 'subject of ownership.
The substance of the tax is to be found in the operation and effect of the statute as applied to the relationship here. Thus plaintiff argues that Local Law No. 47 in imposing a tax of 10 cents payable by the hirer of a taxicab to the driver thereof for each trip or each use of a taxicab cannot dissociate the hiring from the person owning the contract and thus the tax is imposed upon the hirer and his ownership, ad valorem, at the maximum rate permitted by the statute. It is contended further that the tax invades the privilege and immunity of a citizen in relation to his freedom to travel within and without the city and State, and is in violation of the 14th Amendment to the United States Constitution. The use of the streets is not a privilege granted by the city but rather derives from citizenship and the public benefit for which the fee of the streets is held by municipal corporations. Thus, in this context it is argued the tax is personal upon the hirer and not a charge for the use of the highways or of the vehicle as a regulatory measure or upon the use of the vehicle, for the hirer does not own the vehicle. Bather, the tax is upon the enjoyment of (the contract of hire, which the passenger alone owns. All of which is, indeed, an imposing array of arguments in ’alleged support of claimed unconstitutionality.
Clause (vi) as added by section 5 of chapter 369 of the Laws of 1959 provides further, in part: 1 ‘ The owner or operator and the driver of the taxicab shall be liable for the collection and, whether or not collected, for the payment of the tax. Such local, laws may provide that the owner, operator or driver shall have the same right in respect to collecting the tax from such person, or in respect to non-payment of the tax by such person, as if the tax were part of the fare or compensation for the use or hire of the taxicab, and such local laws may provide any other method or methods of collecting such tax. 1 Taxicab, ’ as used in this act, shall mean all vehicles which are required, pursuant to local laws of the city imposing the tax, to obtain a taxicab license. A tax imposed thereunder shall have application only within the territorial limits of such city, provided, however, that the tax may be applied to any use or hire for a trip which either originates or terminates in such city. Such tax shall be in addition to any and all other taxes that any such city is or maybe authorized to impose.”
Section 3 of article XVI of the New York State Constitution provides further, in part: ‘ ‘ Moneys, credits, securities and other intangible personal property within the state not employed *721 in carrying on any business therein by the owner shall be deemed to be located at the domicile of the owner for purposes of taxation, and, if held in trust, shall not be deemed to be located in this state for purposes of taxation because of the trustee being domiciled in this state, provided that if no other state has jurisdiction to subject such property held in trust to death taxation, it may be deemed property having a taxable situs within this state for purposes of death taxation.”
It is clear that what was under consideration in adoption of the constitutional provision were choses in action having a money value or saleability. The record of the Constitutional Convention (Revised Record, 1938 New York State Constitutional Convention, Yol. 2, p. 1113) also makes manifest the urgency to retain the large quantity of funds and securities not entering into commerce, trade and business in order to maintain the financial supremacy of New York City by assuring to the owners outside the State immunity from taxation ad valorem merely by reason of the presence of the assets here. At the Constitutional Convention, and in response to inquiries put by counsel for this plaintiff, the answer was given that the proposal was not intended to do away with the transfer tax. The purpose was solely that there shall be no tax because of the mere presence and possession here of large quantities of saleable assets of substantial money value and which contributed to the primacy of this area as a financial center. However, when such intangible property constituting saleable things of value is put to use in the flow of trade and commerce, excise tax becomes imposable. Thus, while taxicabs are cruising on the streets of New York City, everyone has the right to their use without the imposition of a tax on such right. But upon user a tax is imposable. Indeed, the right of use of which the person may not be deprived stems from the exercise of the police powers in regulation of the taxicab industry. The protection thus afforded cannot be said to have any value in a monetary sense for there is nothing to sell. The right, such as it is, is available to all, and, of course, when availed of, the use is taxable. The right is theoretical, the use is practical. And this is so despite the common custom that one citizen may purchase from another the right to use a particular taxicab at a particular time and place in certain situations, of which the classic example is the gratuity paid to the doorman who braves the rain to go down the block to get a cab. Such a transaction is not with the owner or operator, for, as a result of that transaction, the buyer commands the driver who must respond.
*722 Nor is the tax here involved an ad valorem tax. Not only does the tax become a part of the fare, but it has no necessary relation to the remainder of the fare charged in the particular case. The tax is constant, invariable, fixed, before determination of the ultimate total charge, and it is so fixed and payable with each and every use of a taxicab and not on any other basis.
Plaintiff’s contentions resting on claimed unconstitntionality under the United States Constitution are equally unavailable here. Crandall v. Nevada (6 Wall. [73 U. S.] 35) is not at all applicable. A citizen of the States has the right of free ingress and egress to and from the several States. The Crandall case arose prior to the adoption of the 14th Amendment. It has been criticized and in large part rejected (Helson v. Kentucky, 279 U. S. 245; Colgate v. Harvey, 296 U. S. 404; Madden v. Kentucky, 309 U. S. 83; New York v. O’Neill, 359 U. S. 1). But the Crandall case has nothing to do with the power to place a valid tax upon intrastate transportation. This is so even with respect to cases involving terminals (Pennsylvania R. R. Co. v. Knight, 192 U. S. 21); so also in interstate motor vehicle movement (Capitol Greyhound Lines v. Brice, 339 U. S. 542).
Plaintiff’s motion is denied; defendants’ motion is granted. Settle order.