Bertram Harnett, J.
Here is a matter of statutory interpretation, simple yet important. To erect a building at the State University campus at Stony Brook, the State University Construction Fund sought bids on an entire building contract. The petitioning association of contractors claims that this bid procedure was improper, since section 135 of the State Finance Law (L. 1940, ch. 593) requires the fund to solicit separate bids for each of three specific subdivisions of work to be performed: (1) plumbing; (2) heating, ventilation, and air conditioning; and (3) electrical wiring. While subdivision 7 of section 376 of the Education Law (L. 1962, ch. 251) specifically permits the fund to award one contract for all the work to be performed, the contractors association asserts that this statute is void because it conflicts with section 135 of the State Finance Law.
Assuming the fund to be part of the State, the statutes do apparently conflict as to the necessity for soliciting separate bids. Yet, it is a matter of hornbook statutory interpretation that if two acts cannot be read in harmony with each other, a prior general statute must yield to a later specific one. (Williamsburgh Power Plant Corp. v City of New York, 255 App Div 214.) The Legislature in approving subdivision 7 of section 376 of the Education Law in 1962 certainly was aware of section 135 of the State Finance Law (on the books since 1940). By enacting subdivision 7 of section 376 of the Education Law it created a specific instance which is controlling here. The manifest purpose of subdivision 7 of section 376 of the Education Law is to authorize conduct otherwise prohibited. (Education Law, § 384.)
The contractors also contend, in the alternative, that the fund abused the discretion conferred by subdivision 7 of section 376 of the Education Law in choosing to award a *1049 single rather than separate contracts. The burden here rests on the contractors, as petitioner, to establish that respondent, the fund, acted unreasonably. There has been no such showing. The contractors’ sole argument is that in a large-size contract single contracting is inherently and fatally prejudicial to small contractors. This argument must fail. The fact that smaller and more specialized subcontractors are effectively prevented from directly bidding with the fund would be implicitly true in every instance where a single contract is awarded, thereby nullifying the statutory authority to bid singly. Indeed, it could be argued with considerable force, the more complex a contract, the more desirable is unitary bidding. Size itself can be an argument for the single bid system. The Legislature conferred administrative discretion in the fund; there is no showing whatsoever in the record that this discretion has been abused or arbitrarily exercised.
The fund raises the issue of whether this proceeding is properly before this court at all in light of the venue provision of CPLR 506 (subd. [b]). The court is reluctant to confront this procedural question when a determination on the merits is apparent and can be reached. Improper venue is not jurisdictional and is not destructive to the action. (CPLR 509.) Even considering the result announced here, the contractors may not now complain of the venue for they chose this forum initially.
The fund’s motion to dismiss the contractors’ article 78 petition will be granted.