THE PEOPLE OF THE STATE OF NEW YORK ex rel. CAYA-
DUTTA . PLANK ROAD COMPANY, Respondent, *v.* CURTIS S.
CUMMINGS, as Mayor, and JAMES C. GETMAN et al., Com-
posing the Common Council of the City of Gloversville,
Appellants.

1. TAX — STREET IMPROVEMENT IN CITY OF GLOVERSVILLE — ASSESS-
MENT OF PLANK ROAD COMPANY.   A provision of the charter of the city
of Gloversville (L. 1899, ch. 275, § 105) authorizing the city to make pub-
lic improvements and assess the expense upon lands bordering or touch-
ing upon the improved street and against any plank road company
occupying any portion thereof, does not limit the city's authority to the
improvement of streets under its exclusive control, but empowers it to
pave or repave a street upon which a plank road company maintains its
roadway and to assess such company therefor, although it owns no land
touching or bordering upon the improved thoroughfare.
2. WITHDRAWAL OF EXEMPTION OF PLANK ROAD COMPANY FROM
ASSESSMENT.   The exemption from assessment for public improvements
conferred upon such plank road company by chapter 87 of the Laws of
1854, and chapter 566 of the Laws of 1890, as amended by chapter 617 of
the Laws of 1892, is withdrawn by the subsequently enacted provisions
of the city charter authorizing such assessment.
*People ex rel. Cayadutta Plank Road Company* v. *Cummings,* 53 App.
Div. 36, reversed.

(Argued January 8, 1901; decided February 26, 1901.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the third judicial department, entered July
18, 1900, and from the judgment entered thereon July 24,
1900, reversing the determination of the mayor and common
council of the city of Gloversville in making an assessment
upon the property of the relator, and vacating and annulling
such assessment.

This was a proceeding by certiorari to review the action of
the mayor and common council in making such assessment.

*Frank Talbot* for appellants.   The Appellate Division erred
in holding that the highway authorities of the city of Glovers-
ville did not have jurisdiction over that portion of South
Main street in said city over which the plank road extends.

(*Tifft* v. *City of Buffalo*, 82 N. Y. 204; *Elmendorf* v. *City of Albany*, 17 Hun, 81; *Walker* v. *Caywood*, 31 N. Y. 51; *Matter of Rochester El. Ry. Co.*, 123 N. Y. 351; Elliott on Roads & Streets [2d ed.], §§ 74, 75, 77, 78, 566; *Bagg* v. *Detroit*, 5 Mich. 336; *Mayor, etc.*, v. *Turnpike Co.*, 80 Md. 535; *Versailles* v. *Turnpike Co.*, 10 S. W. Rep. 280; *Lewis* v. *Schmidt*, 43 S. W. Rep. 433; *State* v. *New Brunswick*, 32 N. J. L. 548.)

*Harwood Dudley* and *John M. Carroll* for respondent. Neither the city of Gloversville nor its common council had any jurisdiction to assess relator. (*People ex rel.* v. *N. & S. P. R. Co.*, 86 N. Y. 1; L. 1892, ch. 566, §§ 122, 124–127; *State* v. *Mayor, etc.*, 1 Vroom. [N. J.] 395; Elliott on Roads & Streets, 13, 56; Cooley on Taxn. [2d ed.] 275–277, 279; *City of Detroit* v. *D. & E. P. R. Co.*, 12 Mich. 333; *City of Detroit* v. *D. & H. P. R. Co.*, 42 Mich. 140; *Chope* v. *P. R. Co.*, 37 Mich. 197.) In making special assessments the statute must be strictly followed. (*Stebbins* v. *Kay*, 123 N. Y. 31; *Merritt* v. *Vil. of Portchester*, 71 N. Y. 309; *People* v. *Hagadorn*, 104 N. Y. 516; *Shattuck* v. *Bascom*, 105 N. Y. 39.) The relator is exempt from assessment. (*R. & C. T. Road Co.* v. *Joel*, 41 App. Div. 43; *M. N. Co.* v. *U. S.*, 148 U. S. 312; *People* v. *O'Brien*, 111 N. Y. 1; *Langdon* v. *Mayor, etc.*, 93 N. Y. 129; *Gordon* v. *Appeal Tax Court*, 3 How. [U. S.] 133; *State Bank* v. *Knoop*, 16 How. [U. S.] 369; *O. L. Ins. & T. Co.* v. *Debolt*, 16 How. [U. S.] 416; *Fletcher* v. *Peck*, 6 Cranch, 87, 135; *Dartmouth College* v. *Woodward*, 4 Wheat. 518; *New Jersey* v. *Wilson*, 7 Cranch, 164.) The charter does not authorize assessment or charge against relator for paving South Main street. (*People ex rel.* v. *Gilon*, 126 N. Y. 147; Potter's Dwarris on Stat. 134; *O'Reilly* v. *City of Kingston*, 114 N. Y. 439; Cooley on Taxn. [2d ed.] 275; *Sharp* v. *Speir*, 4 Hill, 76; *People ex rel.* v. *Barker*, 152 N. Y. 417.)

Martin, J. It is deemed unnecessary to discuss any of the questions presented upon this appeal, except that upon which

112  Peo. ex rel. Cayadutta P. R. Co. v. Cummings.  [Feb.,

Opinion of the Court, per Martin, J.        [Vol. 166.

the Appellate Division determined that the assessment was invalid, farther than to say that we have examined them all without finding any error which justified the Appellate Division in reversing the action of the common council. Hence, the only question which need be considered is whether the mayor and common council of the city of Gloversville had power to repave South Main street and assess upon the relator any portion of the expense of such improvement.

In 1851 the relator was organized under the act of 1847. It subsequently took possession of an existing street or highway of which South Main street formed a part and has since used the same for its roadway. The portion of the street upon which the improvement was made is within the limits of the city; upon it the relator maintained its roadway, and has continued to take toll from travelers passing over it. Some years since that street was paved, to the expense of which the relator contributed a considerable sum.

Subsequently, and in 1899, the Legislature enacted the present charter of the city. (Ch. 275, L. 1899.) That act, besides conferring upon the common council the powers and duties of commissioners of highways, and the power to require any plank road company to keep each highway or street through which its road might pass in good condition and repair (§ 57, subdiv. 24), also authorized the common council to cause any street or highway or part thereof in the city to be paved or repaved with such material and in such manner as it should prescribe and to make assessments therefor. Then it provided that "where such improvements are made along and border upon and are contiguous and adjacent to any property owned by the city, including crosswalks and intersections of streets, the expense therefor, and at least twenty-five per centum of the expense of the remainder of such improvements, exclusive of curbing and the amount charged to any railroad or plank road company, shall be paid by the city at large from the highway fund; the balance of the expense of such improvements shall be paid by and become a charge upon and shall be assessed against such real estate and real property

abutting and bordering upon and contiguous and adjacent to the street or streets, alley, public place or way, or any parts thereof; and by and against any railroad company or plank road company whose roads or tracks occupy any portion of that part of the street or other way or public place so improved; but no part of the expense of such improvements shall be assessed upon any lands not bordering upon or touching the part or parts of such street, or other way or public place upon which such improvements are made." (§ 105.)

After the passage of that act, and in the same year, the proper authorities of the city, by proceedings which were regular, determined to repave South Main street. After deducting from the cost of such repavement the amount required to be paid by the city, in distributing the remainder of the expense of such improvement among those benefited thereby and liable therefor, the assessment complained of was made. The relator was not the owner of any land adjoining or contiguous to the street which was repaved. Nor did it have any title to the bed of the street, as that was a public highway for many years before the relator was organized. Obviously this assessment was based upon the authority conferred upon the city by section one hundred and five of its charter.

One of the contentions of the relator is that as it had no land which bordered upon or touched the street, section one hundred and five prohibited the city from assessing it for any portion of the expense of such improvement. We think this contention cannot be sustained. It is true the section provides that no part of the expense of such improvements shall be assessed upon *any lands* not bordering upon or touching the street upon which they are made. But it is to be observed that the assessment complained of was not upon any lands of the relator, but was an assessment against it as a plank road company which was expressly authorized by the previous provisions of that section which in effect declare that a portion of the expense of such an improvement shall be paid by and assessed against any railroad or plank road company whose

roads or tracks occupy any portion of the part of the street so improved. Therefore, it is manifest that it was the intent of the legislature to confer upon the city the authority to assess any plank road company whose road occupied a portion of the street being improved. We think the learned Appellate Division was correct in admitting "that the legislature here intended to confer the power to tax a railroad or plank road company occupying the street for the improvement of that street."

The relator also contends that the provisions of the Transportation Corporations Law (Ch. 566, L. 1890, as amd. by ch. 617, L. 1892) exempted it as a plank road from the assessment imposed by the city. We also agree with the learned Appellate Division that section one hundred and five of the city's charter was in effect a withdrawal by the legislature of the exemptions granted by chapter 87 of the Laws of 1854 and chapter 566 of the Laws of 1890, and that these laws created no vested right in the relator which a subsequent legislature might not abrogate. In this respect we think the court below was perfectly right, as the Constitution, which provides for the formation of corporations, expressly declares that all general laws and special acts passed in pursuance of that provision may be altered from time to time or repealed, and the power of the legislature to enact such a law is fully sustained by the decisions of this court. (N. Y. Const. art. 8, § 1; *People ex rel. Kimball* v. *B. & A. R. R. Co.*, 70 N. Y. 569; *Matter of Attorney-General* v. *N. A. L. Ins. Co.*, 82 N. Y. 172; *Genet* v. *City of Brooklyn*, 99 N. Y. 296; *Mayor, etc., of N. Y.* v. *Twenty-third St. Ry. Co.*, 113 N. Y. 311.)

The Appellate Division, however, held that the city had no control of the street in question, possessed no authority to pave or repave it, and that section one hundred and five related only to such streets as were under its exclusive control. In that respect we think the court was in error. We regard such a construction of the statute as altogether too narrow and as not giving effect to its plain language and purpose. If the interpretation given to the statute by the Appellate Division

is correct, it follows that the provisions of section one hundred and five relating to the assessment of plank road companies have no meaning. Such an interpretation must be avoided if possible. (*Matter N. Y. & B. Bridge*, 72 N. Y. 527; *People* v. *McGloin*, 91 N. Y. 241, 250; *People ex rel. Freligh* v. *Matsell*, 94 N. Y. 179, 182.) The situation in this case answered every requirement of the statute which authorized the common council to assess the relator for a portion of the cost of improving the street upon which its road was laid. If the conclusion reached by that court is correct, it is difficult to imagine a case to which the statute would apply, especially as there was no other street within the boundaries of the city to which it could have possibly related. We think the legislature intended that it should apply to the relator and to the street in question.

The fact that the relator laid its plank road upon this street or highway did not change its character so that it ceased to be a highway. Nor did it deprive the highway authorities of the city of their supervision and control over it. A street taken for the purposes of a plank road does not cease to be a street. The right of the public to use it remains unimpaired. While the public, in consideration of the payment of tolls, is relieved from keeping it in repair, and the duties in that respect, to an extent, are imposed upon the plank road company, yet the public authorities are not ousted of their jurisdiction, especially in particulars not in conflict with its purposes or rights. (*Walker* v. *Caywood*, 31 N. Y. 51; *Matter of Application of Rochester E. Ry. Co.*, 123 N. Y. 351; *Elmendorf* v. *City of Albany*, 17 Hun, 81.)

When the legislature authorized the city of Gloversville to pave the street upon which the relator's road was built, and to assess it for a portion of the expense of such improvements, its previous rights were modified and the authority to perform those acts was conferred upon the city. Therefore, the claim that the city had no jurisdiction to assess the relator, that the assessment made was excessive, and that for those reasons it was invalid, cannot be sustained.

The imposition of local assessments is an exercise of the taxing power which is vested in the legislature. Moreover, when it by statute provides for the exercise of that power by a city, the latter becomes vested with the power possessed by the legislature so far as that power is conferred upon it. It was competent for the legislature to make the owners of this plank road liable for the assessment. "There is no constitutional guaranty that taxation shall be just and equal, although a law plainly departing from the principle of equality in the distribution of public burdens would be justly obnoxious as contrary to natural equity, and as practical confiscation, but the remedy must ordinarily be found in an appeal to the justice of the Legislature. The principle of local assessments for public municipal improvements has been recognized and applied during the whole history of the State, although its absolute justice has been sometimes questioned." (*Genet* v. *City of Brooklyn*, 99 N. Y. 296, 307.) Whether a tax shall be a charge against a person or upon his property, or upon both, is a matter within the discretion of the legislature in respect to which its determination is final.

We are, therefore, of the opinion that under its charter the city of Gloversville had sufficient power and control of the street in question to authorize it to direct its repavement and to assess the relator for a portion of the expense of such improvement, that the assessment was valid and the Appellate Division erred in setting it aside, and that its order and judgment should be reversed and the assessment affirmed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, VANN and LANDON, JJ., concur; HAIGHT, J., not voting.

Ordered accordingly.