TOWN OF OYSTER BAY, Appellant, v. ROBERT MOSES, CLIFFORD L. JACKSON and HERBERT BAYARD SWOPE, Respondents.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ. On the court's own motion, the decision of this court handed down on April 13, 1936 [247 App. Div. 901], is hereby amended to read as follows: Appeal by the town of Oyster Bay from two orders and the judgment entered on the second order, dismissing the complaint. The action is brought to restrain the collection of tolls for passage on the Wantagh Causeway, which connects the mainland of Long Island with Jones Beach. Inasmuch as an answer was recited in the notice of motion, the court has considered the motion as one for judgment on the pleadings, and the order dated August 15, 1935, as a resettled order. The appeal from the order dated July 20, 1935, is dismissed, without costs. The order dated August 15, 1935, and the judgment entered thereon are unanimously affirmed, with ten dollars costs and disbursements. There is no dispute presented here as to any material question of fact, and it affirmatively appears that there is no breach of covenant, as alleged in the complaint. The covenants with the two towns in respect to construction and maintenance or otherwise show that the towns

cannot be taxed directly for such expenditures, but the State alone will pay therefor. The State did not make any covenant as to the manner in which such revenue should be raised. It is said that the doctrine prevails in England that the proceeds of the toll must be expended solely for the purposes of maintaining the highway. This conclusion is not justified by the ancient English cases cited; but in either event no such doctrine seems to prevail in this country. The power of the State over its highways is police power; and in the exercise of that power those who suffer loss or inconvenience have no ground of complaint on the basis of nuisance. (*Sauer* v. *City of New York*, 180 N. Y. 27; *Perlmutter* v. *Greene*, 259 id. 327; *Jones Beach Boulevard Estate, Inc.*, v. *Moses*, 268 id. 362.) The development of Jones Beach as a park and the connecting roads constitute a single enterprise, and the tolls collected are not for profit but solely for maintaining the park and parkways and for paying the debt incurred in their development. The former statutes and the authorities have well settled that it is within the power of the Legislature to close a road once free of passage and to exact a toll for the purpose authorized. (See Revised Statutes of 1829, pt. 1, chap. 18, tit. 1, art. 2, § 29; Laws of 1846, chap. 212, § 9; Laws of 1847, chap. 210, § 26; Trans. Corp. Law, art. 10; *Benedict* v. *Goit*, 3 Barb. 459; *Town of Fishkill* v. *Fishkill & Beekman Plank Road Co.*, 22 id. 634; *People* v. *Fishkill & Beekman Plank Road Co.*, 27 id. 445; *People ex rel. Cayadutta P. R. Co.* v. *Cummings*, 166 N. Y. 110, 112; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *State T. Comm.*, 205 App. Div. 462, 465; *Panton Turnpike Co.* v. *Bishop*, 11 Vt. 198; *State* v. *Town of Hampton*, 2 N. H. 22.) Present — Lazansky, P. J., Young, Davis, Johnston and Adel, JJ.