ELMER E. BOGART et al., Plaintiffs, *v.* COUNTY OF WESTCHESTER et al., Defendants.

Supreme Court, Special Term, Westchester County, August 13, 1945.

*William A. Davidson, County Attorney,* for defendants.

*Murray, Kissam & Hayden* for plaintiffs.

SNEED, J.   Motion by defendants for judgment on the pleadings.

The action is brought by taxpayers in equity for a judgment restraining the defendants from enforcing chapter 594 of the Laws of 1945 of the State of New York, adjudging said statute to be unconstitutional and in violation of the provisions of the Federal Highway Act (U. S. Code, tit. 23, § 1 *et seq.*).

The complaint sets forth the questioned statute in full, alleges that it was enacted by the Legislature in the 1945 session and was approved by the Governor of the State of New York on the 5th day of April, 1945.

The statute is attacked in the complaint upon several grounds.

Primarily plaintiffs complain that the act is in violation of section 15 of article III of the New York State Constitution in that it is a local bill not complying with the requirement that it embrace but one subject stated in its title.

The statute is entitled: "An act authorizing the state of New York to pay certain moneys to the United States of America; providing for the reimbursement of such moneys to the state by the county of Westchester; appropriating moneys in the postwar reconstruction fund not otherwise appropriated for such payment to the United States of America; authorizing the county of Westchester to issue bonds for the purpose of reimbursing the state; authorizing and providing for the collection of tolls on and over a portion of the Hutchinson river parkway and on and over a portion of the Saw Mill river parkway, both within the county of Westchester; authorizing installation of necessary toll stations and equipment in connection therewith and providing for the disposition of the tolls so collected ".

This objection to the constitutionality of the act raises several argued questions: Is the act a private or local bill? Does the bill embrace more than one subject? Is that subject stated in the title?

Notwithstanding that this bill related to two important parkways, furnishing express facilities for public travel by any and all the people of the State, and that one of them, the Hutchinson River Parkway, has been held to be a public highway by the Court of Appeals in *People* v. *County of Westchester* (282 N. Y. 224) (where the history of the acquisition, construction and maintenance of that parkway by the defendant is stated in the opinions), yet its grant to the County of Westchester of the right and authority to collect tolls from the users of the two parkways, determines it to be a local bill. (*The People* v. *O'Brien*, 38 N. Y. 193.)

The purpose and intent of the constitutional requirements that a local bill shall express but one subject and that subject shall be stated in the title is to apprise the public and members of the Legislature, upon a reading of the title, what interests are likely to be affected by its enactment (*People ex rel. Burroughs et al.* v. *Brinkerhoff*, 68 N. Y. 259), and to prevent concealment and surprise to the members of the Legislature and to the public. (*Burke* v. *Kern*, 287 N. Y. 203.)

To determine whether this bill, which was passed by the Legislature, violated these constitutional provisions it is first essential to ascertain its "subject" or main purpose. This seems to be clearly shown by the bill itself, and is stated in the Governor's approval of the bill, mentioned in the complaint, as follows: "This bill permits the County of Westchester, upon compliance with certain conditions, to impose tolls upon certain

parkways constructed by the County. It is common knowledge that Westchester County, at its own expense for the most part, constructed the earliest parkways that the State ever enjoyed, and that the benefits that have been derived from such parkways have largely been to the benefit of all of the people of the State, particularly to those in the eastern part of the State. The residents of Westchester, its taxpayers, have derived benefits, but relatively slight ones. Burdens of taxation and an overhanging debt resulting from the construction of the parkways, still remain.

" Under Federal statutes, any roads which have been constructed with any Federal moneys must be forever toll free. These parkways, as to very small segments, were constructed with the aid of Federal moneys. The officials of the County of Westchester and the State Superintendent of Public Works have conducted certain negotiations with the United States Commissioner of Public Roads for the purpose of withdrawing the parkways in question from the map of the Federal-aid system, thus permitting the imposition of tolls upon such parkways. Concerning this matter, the United States Commissioner of Public Roads has written as follows: ' We will approve the withdrawal of these two routes from the Federal-aid system on condition that the amount of Federal Funds paid to the State on account of the projects constructed thereon in Westchester County be repaid by crediting such amount against vouchers hereafter submitted on other projects, such credits to be continued until the full amount is reimbursed but to be spread over a period not to exceed five years.' "

" Under this bill, the Federal government may be reimbursed for the moneys paid out in the construction of the segments of the parkways, to which I have referred. In addition the bill provides for reimbursement by the County of Westchester to the State of any moneys so paid to the Federal government. Sufficient moneys, namely $2,500,000, are appropriated from the postwar reconstruction fund to accomplish this purpose. These moneys are to be advanced in the first instance only and the State will suffer no financial loss as a result of this bill."

Patently the main purpose or " subject " of this bill was to permit " the County of Westchester, upon compliance with certain conditions, to impose tolls upon certain parkways constructed by the County."

The title of the bill states that it is an act " authorizing and providing for the collection of tolls on and over a portion of the Hutchinson river parkway and on and over a portion of the

Saw Mill river parkway, both within the county of West-chester; * * *.''

Counsel for plaintiffs argue, in effect, that this main purpose or subject should have been first stated in the title. The Constitution does not so require. Certainly anyone reading the title must therefrom learn what interests are likely to be affected by the bill. No legislator or member of the public, having done that, will be surprised later to learn that the tolls were authorized or provided for in the bill.

True, the comprehensive title to the bill, in some detail, embraces several objectives necessary to the carrying out of the bill's main purpose, all of which are germane to and naturally connected with its subject matter and of all of which the title apprises the reader. This is in compliance with the constitutional requirement. (*Burke* v. *Kern*, 287 N. Y. 203, *supra; Conner* against *The Mayor, &c. of New York*, 5 N. Y. 285; *Village of Gloversville* v. *Howell et al.*, 70 N. Y. 287; *Town of Oyster Bay* v. *Moses*, 248 App. Div. 598, affd. 273 N. Y. 631; *Flood Abatement Commission* v. *Merritt*, 94 Misc. 388.) The bill does not violate section 15 of article III of the New York State Constitution.

Plaintiffs further complain that the act violates section 8 of article VII of the New York State Constitution because it gives or loans the money or the credit of the State to Westchester County.

Federal money appropriated under the National Industrial Recovery Act to the State of New York was apportioned by the State to the construction of extensions (" very small segments ") of these two parkways.

The statute, having for its main purpose the authority and right to collect tolls on said highways, which by section 9 of the Federal Highway Act (U. S. Code, tit. 23, § 9) is prohibited on highways constructed with Federal money, provides for the repayment of the moneys so advanced by the United States Government to release this restriction. The plan for that repayment, as stated in the Governor's proclamation, is that the moneys shall be so " repaid by crediting such amount against vouchers hereafter submitted on other projects " by the State. " In addition, the bill provides for reimbursement by the County of Westchester to the State of any moneys so paid to the Federal government." Obviously, such handling leaves the amount involved available to the State to be hereafter used in the construction of other State highways.

The County of Westchester " at its own expense for the most part " constructed these highways and the benefits therefrom

" have largely been to the benefit of all the people of the State
* * *. Burdens of taxation and an overhanging debt,
* * * from the construction of the parkways, still remain."

Our Court of Appeals has established the principle that
this constitutional restriction does not " prevent the legislature
from recognizing claims founded on equity and justice " (*Lehigh
Valley R. R. Co.* v. *Canal Board,* 204 N. Y. 471, 475), or " which
have their roots in equity and justice " (*Oswego & Syracuse
R. R. Co.* v. *State,* 226 N. Y. 351, 356). " The Constitution does
not prohibit the Legislature from doing in behalf of the State
what a fine sense of justice and equity would dictate to an honor-
able individual." (*Ausable Chasm Co.* v. *State of New York,*
266 N. Y. 326, 330, 331; see, also, *Williamsburgh Savings Bank*
v. *State,* 243 N. Y. 231.)

With the State of New York constructing its State-wide high-
ways at its own expense and now paying the cost of acquisition
of the lands upon which they are constructed (Highway Law,
§ 30), and our highest court holding that these parkways are
public highways, it cannot be reasonably argued that the claim
of the County of Westchester for relief from its " burden of
taxation " and " overhanging debt from the construction of
the parkways " is not a claim " founded on equity and justice ".
Particularly is this so when the relief sought and afforded by
this bill is one from which " the State will suffer no financial
loss ".

It cannot be held that the statute in question violates section 8
of article VII of the State Constitution.

Plaintiffs' contentions that the act violates the interstate
commerce restriction of the Federal Constitution (art. I, § 8),
the due process of law provision of that Constitution (14th
Amendt., § 1), and the due process of law provisions of the
New York State Constitution (art. I, §§ 1, 6), present less
debatable issues. Where a statute imposes a fee for use of
facilities furnished and maintained at public expense and
exacted from all users alike, the courts have uniformly held
such laws to be within the powers of the State and not violative
of the cited constitutional provisions. The free use of these
parkways is not a civil or political or property right of the
individual users within the meaning of the constitutions; nor
does the tax upon the users in any way discriminate against
interstate commerce. (*Carley & Hamilton* v. *Snook,* 281 U. S.
66; *Aero Transit Co.* v. *Georgia Comm'n.,* 295 U. S. 285; *Clark*
v. *Poor,* 274 U. S. 554; *Johnson Transfer & Freight Lines* v.
*Perry,* 47 F. 2d 900; *Town of Oyster Bay* v. *Moses,* 248 App.
Div. 598, affd. 273 N. Y. 631, *supra.*)

The act in question cannot be held to violate these constitutional provisions.

Plaintiffs further urge that this statute violates the Federal Highway Act. (U. S. Code, tit. 23, § 9) which provides that all highways " constructed or reconstructed " under its provisions " shall be free from tolls of all kinds ".

The complaint alleges, upon information and belief, that the parkways involved " or some portion thereof were constructed or reconstructed with the aid of Federal funds allocated thereto under the Federal Highway Act ". The Governor's message of approval of the bill states that these parkways, " as to very small segments ", were constructed with the aid of Federal moneys.

This is not an allegation that those portions of the parkways " on and over " which the collection of tolls is authorized and provided for in the act were either constructed or reconstructed with Federal funds. However, that may be held to be a fair inference of the pleading.

The first question presented by this contention is the meaning and construction of the word " tolls " as used in the Federal Highway Law.

In *Johnson Transfer & Freight Lines* v. *Perry* (47 F. 2d 900, 904, *supra*) it is said: " * * * since the entire cost of maintaining the federal-aid roads was put upon the states, it can hardly be thought Congress intended to exclude all taxation for that purpose which has any reference to the use of the road, or is measured by the extent of the use."

In *Clark* v. *Poor* (274 U. S. 554, 557, *supra*): " It is said that all of the tax is not used for maintenance and repair of the highways; that some of it is used for defraying the expenses of the Commission in the administration or enforcement of the Act; and some for other purposes. This, if true, is immaterial."

In *Masters et al.*, v. *Duval County* (114 Fla. 205, 213, certiorari denied 293 U. S. 559) it is stated: " The constitution does not *require* the expenses of State, county or municipal government to be paid only by *ad valorem* or other taxes. The counties may by statute be authorized to own property including facilities and to make reasonable, appropriate charges for the use of such property or facilities where it is for a county purpose." Whether or not the fee authorized by this act is technically a " toll ", as it is termed in the bill, it seems that it is not such a charge as Congress intended should be prohibited by the Federal Highway Act.

Moreover, in respect to this item of complaint it should be borne in mind, as appears from the Governor's message of approval, that in advance of the bill becoming law, arrangements had been made between the representatives of the State and Federal Governments, by means provided by the State act itself, to remove the parkways in question from the Federal-aid system.

Plaintiffs contend that such an agreement could not be legally made by any Federal Government agency; that there is no authority outside of the Congress itself that can remove the prohibition of this statute. Plaintiffs do not argue that the approval and consent to the application of appropriated Federal funds to the construction of a given highway and the agreement of the State, in turn, to pay the maintenance costs of that highway do not constitute a contract. If that be accepted, then there would seem to be no sound reason why that contract could not be modified by mutual agreement as here shown. This is not an instance of an attempt by agreement to " remove the prohibition " of the statute, but, rather, an agreement to substitute some other approved public improvement in the place of these parkways or " very small segments thereof " in the Federal-aid system. The Federal Highway Act does not prohibit such action (Act, § 6; U. S. Code, tit. 23, § 6).

The remaining contention of plaintiffs against the validity of the statute is that it violates the Vehicle and Traffic Law of the State of New York which, by section 54, the plaintiffs allege " prohibits the imposition by local authorities of any tax, fee, license or permit for the use of public highways ".

Section 54 of the Vehicle and Traffic Law prohibits the enactment of any ordinance, rule or regulation by local authorities, imposing upon the owner of an automobile any fee for use of public highways. It is entitled " Local ordinances prohibited."

In the case of *People* v. *County of Westchester* (282 N. Y. 224, *supra*) it was held that Westchester County could not by local law impose a fee or tax or toll upon the users of one of these parkways to recover the county's expenditures, as that local law adopted by local authorities was in contravention of the prohibition of this section of the Vehicle and Traffic Law.

The present act, chapter 594 of the Laws of 1945, is not a local law adopted by local authorities but an act of the Legislature itself, to which the section of the Vehicle and Traffic Law has no application.

Defendants' motion for judgment on the pleadings and dismissing the amended complaint herein is granted.