HELEN PAPIERNICK, Plaintiff, *v.* CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, July 1, 1952.

*Harris J. Klein, Irving Klein* and *William Biederman* for plaintiff.

*Denis M. Hurley, Corporation Counsel* (*Stanley Buchsbaum* and *Morris L. Heath* of counsel), for defendants.

GREENBERG, J.  Taxpayers of this city, on three separate occasions during the two weeks' period while this court was assigned to Special Term for motions and trials, have leveled assaults, based, to be sure, on constitutional grounds, but fundamentally predicated, upon the taxing legerdermain employed by the city in its desperate attempt to meet its fiscal problems. First there was the attack upon the liquor license tax, then the challenge to a phase of the financial institutions tax, and now this broadside against the automobile use tax presently before the court for disposition.  And immediately there is posed the reason for this multiple assault upon these new tax impositions.  The answer is not difficult to perceive.  The enlightened taxpaying public is rebelling against these make-shift panaceas designed to cure the recurring financial crises. The result cannot be achieved in this fashion.  A farsighted thoughtful taxing program predicated upon a survey of the facts and realities and a re-evaluation of the whole financial structure are imperative.

The court is unable to close its eyes to this situation although the problem is primarily one for legislative disposition.  Public attention ought to be focused upon the tortuous contours one observes in the city's approach to its fiscal problems.  The tax

measures do not seem to have been enacted as a result of a comprehensive study nor does it appear that there was even a proper appreciation of the over-all picture required to remedy the evils which are undermining the financial security of the municipality. On the contrary, they are but legislative bromides which temporarily relieve the financial pain while the root of the whole problem is allowed to become metastasized, to the detriment of the taxpayers.

The pernicious consequences of this policy, if such it may be called, are destined to destroy both business and industry within the city. The fact that the local law under consideration meets the constitutional and other objections does not detract from the conclusion reached here, that courage, and foresight, and intelligence must be employed to obviate the confusion and ineptness which now characterize our municipal channels.

Ordinarily the court would not sound this caveat but the unusual course adopted by the court is made necessary by the even more unusual practices on the part of those charged with the responsibility of administering the affairs of the city.

Now to the precise issue before the court.

Confronted as he was with a deficit in the budget, the Mayor, in his message to the board of estimate and to the city council, recommended the enactment of certain taxes, among which was a " tax on the use of automobiles * * * which the city is now authorized to levy."

As a result of the message of the Mayor, Local Law No. 59 of the City of New York of 1952 was enacted and by its terms there was imposed a tax on any use of a motor vehicle upon the public highways or streets of the city. The tax with respect to noncommercial vehicles was made to apply only to those owned by residents of the city and the tax with respect to commercial vehicles applies only to those used principally in connection with a business carried on within the city and on its public highways or streets except that it does not apply to such vehicles when owned and used in connection with the operation of a farm by the owner or tenant thereof.

The measure provides for a tax of $5 per year on the use of noncommercial vehicles weighing 3,500 pounds or less and $10 per year on such vehicles weighing more than 3,500 pounds and a tax on the use of commercial vehicles is fixed in the amount of $10 a year. " Use " is defined as " any operation, driving, or parking of a motor vehicle upon the public highways or streets of the city ".

This tax measure was enacted by the city pursuant to chapter 278 of the Laws of 1947 (as amd. by L. 1948, ch. 651, etc.) referred to as the Enabling Act, which provided as follows: " § 1. Notwithstanding any other provision of law to the contrary, any county of the state except a county wholly within a city, is hereby authorized and empowered to adopt and amend local laws, ordinances or resolutions imposing in any such county any or all of the following types of taxes, such taxes to be collected and administered in such manner as may be provided by any such local law, ordinance or resolution: * * * (g) Taxes on the use of passenger motor vehicles of a type commonly used for non-commercial purposes owned by residents of the county at a rate per annum for each such vehicle of not in excess of five dollars if such vehicle weighs thirty-five hundred pounds or less and not in excess of ten dollars per annum if such vehicle weighs more than thirty-five hundred pounds; and taxes on the use of trucks, buses and other such commercial motor vehicles used principally in connection with a business carried on within the county, except when owned and used in connection with the operation of a farm by the owner or tenant thereof, at a rate per annum for each such vehicle of not in excess of ten dollars. A person who has a permanent place of abode outside the county or city imposing the tax and lives more than seven months of the year outside such county or city shall not be deemed a resident of the county or city imposing the tax within the meaning of this paragraph (g). A corporation shall not be deemed a non-resident by reason of the fact that its principal place of business is not within the county or city imposing the tax ".

The Enabling Act stems from section 1 of article XVI of the Constitution of the State of New York, which conferred the power upon the Legislature to delegate taxing powers to the municipality, provided the law delegating such power should specify the type of taxes which may be imposed and should provide for their review.

The plaintiff in this action, the owner of an automobile, challenges Local Law No. 59 of 1952 on the ground that the Vehicle and Traffic Law of New York State specifically prohibits the imposition of a tax by New York City for the use of the highways and streets of the city, and further, that in any event the local law contravenes the Enabling Act.

It should be observed in the very beginning, as previously mentioned, that the basic authority for the delegation of a taxing power is found in the Constitution of the State, but even prior to the constitutional provision it had been held that the Legislature might delegate to a municipality the power to tax expenses of local government through certain officers of the corporation (*Matter of Zborowski,* 68 N. Y. 88; *Sprout* v. *South Bend,* 277 U. S. 163; *Interstate Busses Corp.* v. *Blodgett,* 276 U. S. 245). It therefore can no longer be questioned that the Legislature has both constitutional and decisional authority for conferring upon the City of New York the power to enact a tax such as has been provided by Local Law No. 59 of 1952.

The Enabling Act specifically conferred upon the city the power to levy a tax on the use of passenger motor vehicles of a type commonly used for noncommercial purposes owned by residents of the county at a certain rate per annum for each such vehicle. It is contended, however, that even assuming the propriety of a delegation of power, and even further assuming the validity of the Enabling Act of the Legislature conferring such taxing power on the municipality, Local Law No. 59 of 1952 specifically contravenes the provisions of section 54 of the Vehicle and Traffic Law. That section prohibits the enactment of local ordinances exacting taxes, fees, or licenses for the use of the public highways, subject to certain exceptions, such as the power granted to municipalities to enact parking meter ordinances. Obviously, if section 54 of the Vehicle and Traffic Law stood alone, the argument advanced by the plaintiff in this case would merit great consideration. This statutory restriction, however, clearly appears to have been superseded by the later Enabling Act.

It is the established law that where two statutes cannot be otherwise reconciled, the general statute must yield to the specific statute, particularly where the specific statute is a later one (*East End Trust Co.* v. *Otten,* 255 N. Y. 283, 286; *Strauch* v. *Town of Oyster Bay,* 263 App. Div. 833). An analogous situation was presented in *Williamsburg Power Plant Corp.* v. *City of New York* (255 App. Div. 214, affd. 280 N. Y. 551) in which a taxpayer sought to recover taxes paid under protest. The taxes had been imposed by Local Law No. 25 of the City of New York of 1934, pursuant to the Enabling Act imposed in chapter 873 of the Laws of 1934, designed to enable financing of local unemployment relief. The property tax was characterized as personal property which became located within New York City after the effective date of the local law. The tax

was pronounced a valid one and it was held not to be barred by section 3 of the New York State Tax Law, which contained certain restrictions upon local taxation. That statute was found to be a general one whereas the Enabling Act was a special statute designed to finance relief payments. The court concluded that there was, in fact, a conflict, as it must be concluded there is, in fact, a conflict here between the Motor Vehicle Law and the local law; but the court there decided, and the court here finds, that the specific grants of power in the later Enabling Act should prevail.

The fact that the Vehicle and Traffic Law has been amended from time to time after the enactment of the Enabling Act does not destroy the force of the conclusion reached by the courts in construing specific enabling acts. The amendments to the Vehicle and Traffic Law were inconsequential in character and there is nothing contained in that law which can be construed to mean that it should supersede the specific provisions of the Enabling Act of the State Legislature.

Provisions of the Vehicle and Traffic Law have on other occasions run into conflict with other legislation which made no specific reference to the former. A charge of a toll for use of roads or bridges is, for example, inconsistent with the provisions of the Vehicle and Traffic Law. Nevertheless, the courts sustained the charge of a toll for the use of roads or bridges. (See *Bogart* v. *County of Westchester*, 185 Misc. 561, affd. 270 App. Div. 274, appeal dismissed 296 N. Y. 701, and *Robia Holding Corp.* v. *Walker,* 257 N. Y. 431.) The court concludes, therefore, that the municipality was clearly within its rights in enacting Local Law No. 59 of 1952 in spite of the provisions of section 54 of the Vehicle and Traffic Law.

It is also argued by the plaintiff that Local Law 59 of 1952 even runs afoul of the Enabling Act itself. This argument the court is unable to follow, particularly when the plaintiff urges for the court's consideration the ill-founded claim that while the city had a right under the Enabling Act to impose a tax on the use of an automobile, it had no such power to impose a tax on the use of an automobile upon the highways. It is difficult for this court to conceive what other purpose an automobile could be put to than to be propelled on the highways or roads, except perhaps when such an automobile is placed in a museum. To argue that the local law does not squarely meet the requirements of the Enabling Act because the latter act uses the phrase, " on the use of passenger motor vehicles," and does not add the words, " use of passenger motor vehicles upon the public

highways or streets,'' is simply to quibble. It does not make sense. It is clear that the Legislature intended in its enactment of the Enabling Act to signify the use of a passenger vehicle on the public highways or streets and the omission of the magic words is of no moment.

It is finally contended by the plaintiff that the local law is invalid because it discriminates unfairly between residents and nonresidents, both of whom use the highways. This argument is without merit as tax laws may make reasonable classifications and exceptions and it seems clear that a distinction between residents and nonresidents is a reasonable one since normally the city streets are used more frequently by residents than by nonresidents. The fact that there may be occasional cases where a nonresident vehicle makes greater use of the city's streets than many vehicles owned by residents is not determinative in itself and indeed insufficient to justify a holding that the classification is unreasonable and thus unconstitutional (*Maxwell* v. *Bugbee*, 250 U. S. 525).

Accordingly, the plaintiff's motion for an injunction *pendente lite* is denied and the defendants' motion to dismiss the complaint is granted.