■ LOCAL 101 OF THE UNITED TRANSPORTATION UNION, Respondent, v. UNITED TRANSPORTATION UNION, Appellant.— Appeal from orders of the Supreme Court at Special Term, entered July 6, 1973 in Albany County, which granted plaintiff's motion for a preliminary injunction and denied defendant's motion to dismiss the complaint. In 1968, defendant United Transportation Union was formed by the unification of several railroad unions. Thereafter, by letter dated March 7, 1973, defendant's president notified plaintiff Local 101 of the United Transportation Union of his decision to close Local 101 and transfer its members to other locals in the Albany area, effective April 1, 1973. This consolidation of the locals was allegedly undertaken for reasons of efficiency and economy and in the belief that it would result in stronger and more effective representation and membership participation within the union. Plaintiff is unalterably opposed to the merger and maintains that the president exceeded his constitutional authority by ordering the closing of Local 101. Defendant, on the other hand, insists that such a course of action was authorized under the president's general supervisory powers, as provided in article 16 of the union's constitution. When it became obvious after the exchange of a series of letters that the parties would remain adamant in their respective positions, plaintiff commenced this action, seeking to restrain defendant from effectuating the merger. Special Term granted the relief noted above. Defendant's major contention on this appeal is that the court below was without jurisdiction to deal with this

matter because plaintiff failed to exhaust the remedies provided it by the constitution of the United Transportation Union. We agree. It is well-settled that where timely and adequate relief is provided within a union organization, a party must first exhaust its remedies there before seeking redress from a court (*Madden* v. *Atkins*, 4 N Y 2d 283; *Havens* v. *King*, 221 App. Div. 475, affd. *sub nom. Havens* v. *Dodge*, 250 N. Y. 617). Applying this principle to the instant case, we find conflicting opinions as to the union president's constitutional powers and a simple and convenient method of resolving the dispute, namely, article 75 of the union's constitution which provides that a subordinate body, such as Local 101, "may appeal to the Board of Directors from an interpretation of this Constitution made by the International President". Plaintiff has neglected to avail itself of an article 75 appeal and gives no adequate reason for its failure to do so, but merely bare allegations that such a course would be futile, meaningless or unreasonable. Accordingly, the orders appealed from must be reversed. Orders reversed, on law and the facts, and complaint dismissed, without costs. Greenblott, Cooke, Kane and Main, JJ., concur; Herlihy, P. J., dissents and votes to affirm in the following memorandum: Herlihy, P. J. (dissenting). The dispute herein between the local and the central union clearly does not involve an interpretation of the union's constitution and would not fall within the appeal procedure referred to by the majority as article 75 of the union's constitution. In order to have a dispute involving an interpretation it would first be necessary to have some clause of the constitution or language therein which might be of sufficient breadth to encompass the action proposed by the president of the central union. In the present case there is no language in the constitution which would in any way encompass the action opposed by the local. The orders should be affirmed.