OPINION OF THE COURT
Martin B. Stecher, J.
In this action involving the alleged misuse of a labor union’s funds, the defendants, prior to joinder of issue, move to dismiss the complaint. The plaintiffs cross-move for partial summary judgment. The plaintiffs are members of Local 420 American Federation of State, County and Municipal Employees and the defendants are three of its officers. The complaint alleges that during the years 1976, 1977 and 1978, the defendants, in violation of their "fiduciary duties” (cf. Labor Law, § 722) caused, allowed and permitted checks to be drawn and issued on the bank account of Local 420, which were not duly and properly authorized in accordance with union regulations. The defendants suggest that underlying this dispute is an effort by the executive director of District Council 37 of the AFSCME to remove the defendant Butler from his post as president of Local 420.
The motion to dismiss the complaint asserts the court’s lack of subject matter jurisdiction, the plaintiffs’ lack of standing to maintain the action and the plaintiffs’ failure to exhaust internal union remedies.
The challenge to "subject matter jurisdiction” is without merit. The action is brought pursuant to article 20-A of the Labor Law (Labor and Management Improper Practices Act) which creates rights of action in certain designated people (Labor Law, § 725); and this court being the State-wide court of general jurisdiction, is clearly the court having jurisdiction. *672 * Rather the argument seems to be made that the complaint fails to state a cause of action (CPLR 3211, subd [a], par 7). As previously indicated, the charge made in the complaint by these union members is that the union’s funds have been spent without proper authorization. The statute (Labor Law, § 725, subd 1) provides: "Where an officer or agent of a labor organization has violated or is violating any of his obligations provided in sections seven hundred twenty-two and seven hundred twenty-three, such labor organization and the parent organization of such labor organization shall each have the right to bring an action or proceeding in any court of competent jurisdiction for legal or equitable relief to redress such violation of obligation. Any member of such labor organization shall have the right to bring such action or proceeding if (a) after request by any member that such action or proceeding be brought, such organization shall fail to do so, or (b) such request would be futile, or (c) such organization has failed to prosecute diligently any such action or proceeding which it has brought.”
The defendants contend that no action may be maintained in the absence of pleading and proving that an unsuccessful application was made to the local union and the parent to bring this action. No New York cases are cited by either side on this proposition, and despite the lapse of 20 years since the statute was enacted, no reported cases have been found. The defendants rely on Federal cases (Flaherty v Warehouseman Garage & Serv. Sta. Employees’ Local Union No. 334, 574 F2d 484; Cassidy v Horan, 405 F2d 230; Safe Workers’ Organization, Ch. No. 2 v Ballinger, 389 F Supp 903), interpreting the Federal counterpart statute (US Code, tit 29, § 401 et seq.), but that reliance is misplaced. Although both statutes (Labor Law, § 725, subd 1; US Code, tit 29, § 501, subd [b]) permit the individual union member to sue for a breach of an officer’s fiduciary duties where the union, after request, fails to do so; the New York statute diverges from the Federal in allowing, additionally, the member’s prosecution of the action where *673 "such request would be futile.” Thus, where futility is shown, no request need be made, pleaded or proved.
The defendants point out that the alleged futility of such a request is not pleaded warranting dismissal. Both sides draw analogies to the stockholder’s derivative action (Business Corporation Law, § 626, subd [c]) and not-for-profit corporation members’ derivative action (Not-For-Profit Corporation Law, § 623, subd [c]) with, of course, differing conclusions. The two cited sections require a plaintiff, bringing a derivative action, to "set forth with particularity” his efforts to have the corporate board of directors initiate the action "or the reasons for not making such effort.” Failure to plead one or the other warrants dismissal (Barr v Wackman, 36 NY2d 371, Hunsdorfer v West Side Structural Co., 284 App Div 1084). The plaintiffs contend that unlike the above-cited corporate statutes (Business Corporation Law, § 626, subd [c]; Not-For-Profit Corporation Law, § 623, subd [c]) subdivision 1 of section 725 of the Labor Law has no pleading requirement. They argue that if the Legislature intended that such allegations were necessary it would have inserted the same provision in the Labor Law as it did in the Business Corporation Law and the Not-For-Profit Corporation Law. By excluding such language, say the plaintiffs, the Legislature excluded the pleading requirement. The plaintiffs have overlooked CPLR article 30. It is clear from subdivision 1 of section 725 of the Labor Law that the futility of a demand upon the union to bring this action must be proved at the trial. Such allegations, therefore, must be set forth in the complaint, and with sufficient particularity "to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved” (CPLR 3013). The failure to allege the facts from which a conclusion of futility may be drawn leaves the complaint vulnerable to attack.
The plaintiffs, in considerable detail, have demonstrated, prima facie, that a demand that the union bring the action would be futile. Indeed, the union itself urges that no action may be maintained (see infra) unless the plaintiffs first exhaust their internal union hearing remedies. It is clear that the union would not bring this suit. Further, the International’s own auditors find that the expenditures challenged here require "further explanation.” It is demonstrated sufficiently that the plaintiffs have "good ground to support [their] cause of action” (CPLR 3211, subd [e]).
*674 The defendants challenge the plaintiffs’ standing to sue, asserting that the action must be brought derivatively in the name of the union (cf. Business Corporation Law, § 626, subd [a]; Not-For-Profit Corporation Law, § 623, subd [a]) rather than in their own names. They assert that because the union is an unincorporated association an action in its behalf can only be brought in the name of the president or the secretary (General Associations Law, § 12) or, at common law, in the name of all the members (Matter of International Union United Auto. Aircraft & Agric. Implement Workers, CIO, Local No. 1171 v Aircooled Motors, 284 App Div 835). Were this not an action expressly authorized by statute, the defendants’ argument might be persuasive; but the enabling statute (Labor Law, § 725, subd 1) permits "any member * * * to bring such action”. The statute of general application must yield to the statute applicable to the specific situation (see Matter of Erie County Water Auth. v Kramer 4 AD2d 545, affd 5 NY2d 954; New York State Urban Dev. Corp. v Vanderlex Mdse. Co., 98 Misc 2d 264, 270-271; Matter of Town of Hempstead, 50 Misc 2d 101; Papiernick v City of New York, 202 Misc 717), and remedial statutes, such as article 20-A of the Labor Law, are to be interpreted liberally in order to achieve the statutory purpose (Fischer-Hansen v Brooklyn Hgts. R. R. Co., 173 NY 492, 499; McKinney’s Cons Laws of NY, Book 1, Statutes, § 321). The plaintiffs have standing to sue.
The defendants contend that the plaintiffs may not resort to this action without first exhausting their internal union remedies. They cite in support of this proposition Local 101 of United Transp. Union v United Transp. Union (44 AD2d 865, affd 36 NY2d 826) and Watkins v Clark (85 Misc 2d 727). Neither case deals with the subject matter of this action. In the Local 101 case (supra), a member of a union sought to prevent a proposed union merger. In the Watkins case (supra), a union election was at issue. In both cases, the court required the parties to exhaust their union remedies. The distinction between the cited case and the case at bar is obvious: the Legislature created a right of action in union members and set forth the conditions precedent to action. Exhausting union remedies is not one of those conditions.
The background of a prior effort by the plaintiffs to enforce union remedies and examination of certain provisions of the union constitution demonstrate the Legislature’s wisdom in *675 not requiring resort to union procedures in such cases. It is undisputed that in November of 1978, two of the plaintiffs filed charges with the International Union setting forth substantially the same allegations as are set forth in the complaint before me. Under the International Union’s constitution, the charges were delivered to the chairman of the International’s "judicial panel,” who was then obligated to appoint a hearing officer. The chairman, Joseph Ames, designated himself. The defendant Butler, president of Local 420, objected to Ames and sought his removal. Ames declined to disqualify himself and held a hearing, boycotted by Butler and his attorney. Following the hearing, at which Ames reserved decision, Butler began an action in the United States District Court for the District of Columbia to enjoin Ames from proceeding further and obtained a temporary order restraining Ames from deciding the issues. During the period of restraint, which was consented to by the International, a named party to that action, the latter’s executive board removed Ames from the case and directed him to appoint another hearing officer who, presumably, would consider the issues de novo. International president, Jerry Wurf, in an affidavit supporting the defendants’ position, as well as the action of the International’s executive board, calls Ames "a close friend and a political ally of (District 37 executive director Victor) Gotbaum.” Gotbaum, it is alleged, has been actively seeking Butler’s removal from the presidency of the local. At this point the plaintiffs withdrew their union complaint and began this action.
An examination of the International’s constitution (art X) reveals an elaborate set of procedures available to an aggrieved member. However, no "verbatim record” will be made unless requested by a party who must pay for and provide three certified copies of the transcript (art X, § 11); and should the complaining member be unsuccessful and the union "trial body or the (union) appellate body” find an absence of good faith in bringing the charges, "the trial body or the appellate body may impose such penalty on the charging party as in its judgment is deemed proper under the circumstances” (art X, §16).
It thus appears that to initiate charges may be both expensive and dangerous. It was not the intent of the Legislature, in providing union members with a remedy, against union officers or agents who violate their fiduciary obligations to the *676 union (Labor Law, § 722), to subordinate that remedy to union procedures.
The cross motion for summary judgment is denied (CPLR 3212, subd [a]) as issue has not been joined. The suggestion made in plaintiffs’ reply papers that summary judgment be awarded under CPLR 3211 (subd [c]) is rejected. The controversy does not appear ripe at this moment for summary judgment.
The defendants’ motion to dismiss the complaint is granted to the extent only that the complaint shall be dismissed unless the plaintiffs, within 20 days after service of a copy of this order, serve an amended complaint pleading their failure to request the union to begin this action and the facts indicating the alleged futility of such a course (Labor Law, § 725, subd 1). In all other respects the motion is denied and shall be denied in all respects on service of such amended complaint.