■ In the Matter of ALBANY HOUSING AUTHORITY, Appellant, v WILLIAM HENNESSY, as Commissioner of the Department of Transportation of the State of New York, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered November 30, 1978 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to cease and desist a trespass, abate a nuisance and pay money damages. Petitioner, a public housing authority of the City of Albany and State of New York, had previously erected a public housing complex known as Thacher Homes in the City of Albany when respondent, as Commissioner of the State Department of Transportation, constructed a highway, Interstate 787, in the immediate vicinity of the complex. In its application for relief, petitioner alleges that respondent has placed structures and appurtenances of the subject highway upon petitioner's fee, and continues to trespass thereon even though no formal appropriation of petitioner's property has been undertaken. Petitioner further asserts that traffic noise from the highway has rendered its property uninhabitable and made three complete buildings unusuable. As a consequence of this situation, in its petition, it requested an order directing respondent to cease and desist the trespass, to abate the nuisance caused by the erection and maintenance of the highway near petitioner's property and to compensate petitioner for all its losses, direct and indirect, occasioned by

the improper use and maintenance of the highway. At Special Term, the court granted respondent's motion to dismiss the petition, and this appeal has ensued. We hold that the judgment of Special Term should be affirmed. Clearly, petitioner has no right to any relief upon a claim of nuisance relative to the State's control and authority over public highways (*Town of Oyster Bay v Moses,* 248 App Div 598, affd 273 NY 631, mot for rearg den 274 NY 493), nor does the Supreme Court possess equitable jurisdiction whereby it can enjoin the alleged trespass by the State (*Matter of T.P.K. Constr. Corp. v O'Shea,* 69 AD2d 316; see, also, *Psaty v Duryea,* 306 NY 413). If such is the case, petitioner is left with its claim for money damages resulting from the State's alleged encroachment upon petitioner's property, and since such conduct by the State if proved would constitute a *de facto* taking of property (see *City of Buffalo v Clement Co.,* 28 NY2d 241), petitioner's exclusive remedy is an action for compensation in the Court of Claims (Court of Claims Act, § 9, subd 2; *Moller v New York Cent. R. R. Co.,* 282 NY 188). In such an action, petitioner could recover for both present and prospective damages caused by the alleged appropriation (see 17 Carmody-Wait 2d, NY Prac, § 108:346), and, therefore, its claim that it would have to bring repeated actions to recover for the State's continuing trespass is without merit. Judgment affirmed, without costs. Mahoney, P. J., Kane, Main, Mikoll and Herlihy, JJ., concur.