■ ALBANY HOUSING AUTHORITY, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 66515.) — Appeal from an order of the Court of Claims (Murray, J.), entered December 19, 1983, which granted the State's motion to dismiss the claim.

On April 2, 1982, claimant filed a claim seeking damages for the alleged trespass and negligent causing of noise pollution by the State of New York as a result of the construction and operation of Interstate Route 787. Claimant alleged that as a result of the close proximity of I-787 to a public housing complex, a portion of that property became uninhabitable. Thereafter, the State moved for dismissal of the claim on the basis that, *inter alia,* it was not timely filed and, further, failed to state a cause of action.

The Court of Claims granted the motion and dismissed the claim, finding that even using the latest possible date at which the claim accrued, that being July 3, 1974 when the highway construction was completed, the instant claim had been filed well beyond the statutory three-year time limit (Court of Claims Act, § 10, subd 1).

Claimant urges on this appeal that its claim is not based on a taking or appropriation by the State, but rather on a continuing trespass. Accordingly, it is asserted that since the claim is predicated on a continuous trespass, it would become time barred only upon expiration of the 10-year statutory period applicable to claims for adverse possession (RPAPL 501). We disagree. Here, claimant alleged a physical encroachment upon his property by the State, and thus there existed a *de facto* taking despite the fact that the State did not file a taking map (see *City of Buffalo v Clement Co.,* 28 NY2d 241, 255). Thus, since claimant itself alleged that there was a taking, the applicable statutory time period for filing a claim was three years pursuant to subdivision 1 of section 10 of the Court of Claims Act. This finding comports with our decision in claimant's prior appeal to this court (*Matter of Albany Housing Auth. v Hennessy,* 74 AD2d 710).

Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.